UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PHILIP DIAZ CANNON,<br><br>Plaintiff,<br><br>v.<br><br>DIANA GOMEZ, et al.,<br><br>Defendants. | Case No. 18-cv-03328-SI<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; STAYING ACTION; AND DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 4, 8 |

Plaintiff Benjamin Philip Diaz Cannon has filed a motion to proceed *in forma pauperis* and an *ex parte* application for a temporary restraining order. Dkt. Nos. 4, 8. The Court finds these matters appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and VACATES the hearing set for July 13, 2018. For the reasons set out below, the Court GRANTS plaintiff's application to proceed *in forma pauperis*; STAYS the action; and DENIES the application for a temporary restraining order.

**BACKGROUND**

Plaintiff Benjamin P.D. Cannon is a resident of San Francisco County and owns a property used as a recreational vehicle resort (the "Property") in Sonoma County. Defendant County of Sonoma is a political subdivision of the State of California. Defendant Diana Gomez is an attorney in Sonoma County's County Counsel's Office. Defendant Tyra Harrington is an employee in Sonoma County's Permit and Resource Management Division.

On October 14, 2016, defendant Sonoma County initiated a lawsuit in Sonoma County Superior Court against plaintiff ("Underlying Action") "to enforce building, grading, sewage, and

zoning code violations and to abate a public nuisance and for public relief."[1] Compl. to Enforce Building, Grading, Sewage, and Zoning Code Violations and to Abate a Public Nuisance and for Injunctive Relief, *County of Sonoma v. Cannon*, SCV 259605 (Cal. Super. Ct. Oct. 14, 2016).[2] The Sonoma County Superior Court issued a temporary restraining order on October 20, 2016, requiring plaintiff to cease ongoing violations of county codes and to abate the violations by obtaining necessary permits or by demolishing and removing the violating structures. Order to Show Cause for Prelim. Inj. and TRO at 5-8, *Cannon*, SCV 259605 (Cal. Super. Ct. Oct. 20, 2016) ("Sonoma County TRO"). After a hearing, the Sonoma County Superior Court adopted the Sonoma County TRO as a preliminary injunction. *See* Prelim. Inj. and Order, *Cannon*, SCV 259605 (Cal. Super. Ct. Nov. 30, 2016).

According to plaintiff, defendant Diana Gomez "filed a document stating she [was] seeking over $1.2million dollars in fines alone" on February 20, 2018. Dkt. No. 1, Compl. at 4 ¶ 5. Plaintiff claims the parties to the Underlying Action "entered into a stipulated Settlement on Feb 26, 2018. It was agreed that Mr. Cannon would obtain a grading permit and pay some fines by March 15, 2018." *Id.* at 4 ¶ 4. However, on March 5, 2018, Sonoma County filed an *ex parte* application for an order to show cause on the grounds that plaintiff remained in violation of the Sonoma County TRO and preliminary injunction. Notice of Ex Parte Appl. for Order to Show Cause re Contempt at 2, *Cannon*, SCV 259605 (Cal. Super. Ct. Mar. 5, 2018). Plaintiff attempted to remove the Underlying Action to the Northern District of California under 42 U.S.C. § 1983

---

[1] A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); Fed. R. Evid. 201(b)(2). Plaintiff's claims in the present case arise from defendant Sonoma County's lawsuit against plaintiff in Sonoma County Superior Court. *See, e.g.*, Dkt. No. 1, Compl. at 3-5 ¶¶ 1-11 (discussing the Underlying Action in framing the present case's "Procedural history"). Plaintiff seeks to incorporate at least two filings from the Underlying Action in the Complaint. *See id.* at 3 ¶ 1 ("The County filed an action against Cannon on October 20, 2016 ( a copy thereof is attached and incorporated), and also filed a Temporary Restraining Order (also attached and incorporated)."). This Court therefore obtained copies of the record and filings in the Underlying Action from the Sonoma County Superior Court. This Court now takes judicial notice of the Underlying Action record and filings *sua sponte*. Fed. R. Evid. 201(c)(1).

[2] Plaintiff incorrectly states that Sonoma County initiated the Underlying Action on October 20, 2016. *See* Dkt. No. 1, Compl. at 3-4 ¶ 1.

that same day. Notice of Removal at 1, *County of Sonoma v. Cannon*, 18-cv-01419 (N.D. Cal. Mar. 5, 2018). The case was remanded to Sonoma County Superior Court for lack of subject matter jurisdiction. Order Adopting Magistrate Judge's Report and Recommendation, *Cannon*, 18-cv-01419 (N.D. Cal. May 17, 2018); Referral for Reassignment and Report and Recommendation to Remand at 2-3, *Cannon*, 18-cv-01419 (N.D. Cal. Apr. 16, 2018). A case management conference is currently scheduled for September 25, 2018 in Sonoma County Superior Court. Notice of Hr'g, *Cannon*, SCV 259605 (Cal. Super. Ct. June 20, 2018). Sonoma County has also renewed its March 5 application for an order to show cause. *See* Mot. for Order to Show Cause, *Cannon*, SCV 259605 (Cal. Super. Ct. June 27, 2018).

On June 5, 2018, after the Underlying Action was remanded to state court, plaintiff filed the present action to litigate his § 1983 claims. Compl. at 1 ¶ 1. Plaintiff alleges seven causes of action in his complaint. *Id.* at 18-20. Plaintiff claims defendants (1) "illegally attach[ed] the [timberland production] zoning to Mr. Cannon's parcel, and refus[ed] to remove it when requested"; (2) unlawfully denied plaintiff due process of law under the Fourteenth Amendment when defendants "fail[ed] to so much as read, let alone review and approve/deny, Mr. Cannon's permit applications, and . . . illegally and forcibly enter[ed] and abat[ed] Mr. Cannon's valid uses" of his property; (3) violated the Fourth Amendment when defendants' agents "enter[ed] illegally into Mr. Cannon's property, and kick[ed] out his paying guests," "caus[ing] Mr. Cannon's business to fail"; (4) violated the Eighth Amendment when defendants "lobbied a world-record fine for a few RV utility hookups of over $1.2million dollars"; (5) made unlawful negligent misrepresentations; (6) "deliberately conspired together to defraud a judge into believing that there was no PG&E meter or switchgear protecting the power service to a rural resort in a wooded area"; and (7) "deliberately interfered with Mr. Cannon's business, in a coordinated effort to harm him and deny him access to the courts." *Id.*

Presently before the Court are plaintiff's application to proceed *in forma pauperis* and *ex parte* application for a temporary restraining order. Dkt. Nos. 4, 8.

**LEGAL STANDARD**

District courts must preliminarily screen *in forma pauperis* proceedings and dismiss actions that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant which is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Under principles of comity and federalism, a federal court should not interfere with ongoing state proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The use of *Younger* abstention in civil proceedings is an "extraordinary and narrow exception" to the general rule that federal courts must exercise jurisdiction over cases properly before them. *Potrero Hills Landfill Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011). In civil cases, "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). "If these threshold elements are met, [courts] then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.* (internal quotations omitted). Where a district court finds *Younger* abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction and must dismiss the action. *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988). However, the action should be stayed, rather than dismissed, if the claim is one for damages. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004); *see also King v. Cnty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018) ("For the remaining claims for damages, the most that *Younger* could possibly require is a stay pending the completion of the state proceedings").

Abstention may be inappropriate in the extraordinary circumstance that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997), *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997) (citing *Younger*, 401

4

U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. *Hirsh v. Justices of the Supreme Ct. of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

**DISCUSSION**

**I.  Plaintiff's Application To Proceed *In Forma Pauperis* Is Granted.**

Plaintiff Benjamin PD Cannon has filed an application to proceed *in forma pauperis*. Dkt. No. 4. The Court determines that plaintiff has met the standard for proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1); Dkt. No. 4. The Court hereby GRANTS plaintiff's application to proceed *in forma pauperis*.

**II.  This Court Must Stay Review Of Plaintiff's Claims.**

This Court must abstain from reviewing plaintiff's claims because all of the requirements for *Younger* abstention are met. First, the Underlying Action is ongoing, with a case management conference scheduled for September 25, 2018. Notice of Hr'g, *Cannon*, SCV 259605. Second, this action turns on the preliminary injunction entered in the Underlying Action, which necessarily involves Sonoma County's interest in enforcing its court's orders. Third, this action implicates Sonoma County's broader interest of protecting its citizens' health and welfare through local ordinances. Fourth, there is no indication that plaintiff will be unable to raise his federal challenges in state court. In fact, both the United States and California Supreme Courts have expressly held that a party may assert a 42 U.S.C. § 1983 claim in state court. *Martinez v. California*, 444 U.S. 277, 283 n.7 (1980); *Brown v. Pitchess*, 531 P.2d 772, 775 (Cal. 1975). Additionally, plaintiff's claims here "go to the heart of his opposition" in the Underlying Action. *Gilbertson*, 381 F.3d at 982. Thus, federal action here "would have the same practical effect on the state proceeding as an injunction." *Id.*

Further, there is no evidence that abstention is inappropriate. Plaintiff asserts that he

"cannot obtain a fair trial in Sonoma County" because of his previous lawsuit against Sonoma County. Compl. at 16 ¶ 98. However, plaintiff does not allege any facts supporting such a claim. The presumption of honesty and integrity stands. *See Hirsh*, 67 F.3d at 713.

This Court thus finds that *Younger* abstention is necessary. Although the Court must abstain from adjudicating plaintiff's claims, plaintiff seeks "general damages including without limitation damages from loss of use, loss of economic value, damages from civil rights violations, [and] reliance damages." Compl. at 20. The Court must therefore "preserv[e] the federal plaintiff's opportunity to pursue compensation in the forum of his choice." *Gilbertson*, 381 F.3d at 981. Accordingly, this Court STAYS this case pending resolution of the Underlying Action. If plaintiff prevails in the Underlying Action, plaintiff may move to lift the stay in the present case.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's application to proceed *in forma pauperis* and STAYS the case. The Court DENIES plaintiff's *ex parte* application for a temporary restraining order pending resolution of the Underlying Action.

**IT IS SO ORDERED**.

Dated: July 9, 2018

_____
SUSAN ILLSTON
United States District Judge